Let an appropriate order, in conformity herewith, be submitted.

**UNITED STATES of America,**

v.

**Thomas KAPATOS, Defendant.**

**No. 66 Cr. 34; 67 Civ. 3847.**

United States District Court
S. D. New York.

Nov. 30, 1967.

Robert M. Morgenthau, U. S. Atty. for S.D. of New York, New York City, for the United States. Jay Gold, Asst. U. S. Atty., of counsel.

Frank A. Lopez, Brooklyn, N. Y., for defendant.

## OPINION

WEINFELD, District Judge.

The assertions by defense counsel that John T. Joyce, "a key witness unknown previously to the defendant but within the knowledge of the Government has been found," and that he, defense counsel, "never knew of this witness * * * until after the judgment of conviction," upon which rest the charge that the government suppressed evidence and the claim of newly discovered evidence, are conclusively refuted by the record.

Although John T. Joyce's name was not included in a list, submitted by the prosecution to the defense counsel three months prior to trial, of names and addresses of potential witnesses whom the prosecution did not intend to call at the trial and "who may have information which you [defense counsel] may determine to be pertinent to your client's defense," the omission was without significance. The fact is that defense counsel knew of John T. Joyce long prior to the trial. The omission of his name from

the list was clearly inadvertent, an understandable inadvertence, due to confusion arising from the circumstance that John T. Joyce's brother, James P., was also a potential witness, who together with him had observed events that related to the present claims. Both had given statements to the agents of the Federal Bureau of Investigation which were identical as to certain phases of events.

The list submitted to the defense included James, but failed to mention John. This inadvertent omission is now seized upon by defense counsel to bottom the charge of suppression of evidence or concealment of a material witness. But the fact is that counsel, who here makes the charge, months before the trial himself informed the Assistant United States Attorney of an article about this case which appeared in Life Magazine dated February 7, 1964, more than two and a half years before the trial, and which defense counsel advised the Assistant he had read in preparing for trial. The article contains direct and pointed references to both brothers, John and James, and as to their alleged observation of events at the time of the holdup. Both brothers were convicted of receiving stolen property, the subject matter of the instant indictment.

It is not without significance that James Joyce, named in the list as one "who may have information which you may determine to be pertinent to your client's defense," was not called as a defense witness; indeed, it was acknowledged upon the argument of this motion that he was not interviewed by the defense, nor was any attempt made to do so despite the fact that he was available at all times. The slightest inquiry of James at once would have revealed that his brother John also was a witness to the events and that their versions were in accord. And entirely apart from the foregoing, there is the additional fact that upon the trial, in response to a subpoena, the defense counsel received New York City Police Department reports, which included one of an interview with John Joyce setting forth his observations.

Thus, it is beyond peradventure that the claim of defense counsel that he "never knew of this witness [John T. Joyce]" until after trial is specious and the charges predicated thereon are utterly without substance. In sum, there was no deception resulting from the inadvertent nondisclosure of John Joyce's name, particularly since his existence was known to defense in ample time prior to trial to interview him had defendant been so minded. We have not yet reached the point, at least in this court's view, where the prosecution, having specifically and in ample time before trial, directed the attention of the defense to witnesses who may be potentially useful to it or where the defense itself, in ample time before trial, knows of such witnesses, is additionally required to associate itself with the defense, assist defense counsel in preparing for trial and to disgorge its files not otherwise available to the defense under the Rules of Criminal Procedure.[1]

Finally, considering the motion in its aspect for a new trial, this too must fail. The proposed evidence of John, even assuming it were newly discovered, which it is not, measured by either the Berry or Larrison [2] test, affords no basis for granting a new trial.

The motion is denied in all respects.

1. Cf. United States v. Gleason, 265 F. Supp. 880, 884 (S.D.N.Y.1967).

2. See United States v. Costello, 255 F. 2d 876, 879 (2d Cir.), cert. denied, 357 U.S. 937, 78 S.Ct. 1385, 2 L.Ed.2d 1551 (1958); United States v. Fassoulis, 203 F.Supp. 114 (S.D.N.Y.1962).